THE MURRAY CO. *v.* UNITED STATES (No. 3677)[1]

United States Court of Customs and Patent Appeals, May 31, 1934

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William Whynman*, special attorney, of counsel), for the United States.

[1] T. D. 47157.

[Oral argument February 15, 1934, by Mr. Klingaman and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of open-hearth steel sheets, was assessed for duty by the collector at the port of Galveston, Tex., at $2\frac{1}{2}$ cents per pound under paragraph 304 of the Tariff Act of 1930.

The importer protested claiming it to be properly dutiable at only $1\frac{7}{10}$ cents per pound under the same paragraph.

The pertinent part of the paragraph reads:

. PAR. 304. * * * sheets and plates and steel not specially provided for; all the foregoing * * * valued above 5 and not above 8 cents per pound, $1\frac{7}{10}$ cents per pound; valued above 8 and not above 12 cents per pound, $2\frac{1}{2}$ cents per pound * * *.

The case was submitted to the trial court upon the official record, no evidence being introduced by either party. From such record we find, and appellant in the brief of its counsel admits, that the appraiser checked the entered value as correct, viz, $971.77, which included the sum of $51, being the cost of packing.

It is conceded by appellant that if the sum of $51 was a part of the appraised value as returned by the appraiser, and if that sum is proper to be considered in determining the rate of duty to be assessed upon the merchandise in question, the final appraised value was more than 8 cents per pound and the protest was properly overruled by the trial court.

Subdivisions (a) and (c) of section 503 of the Tariff Act of 1930 read as follows:

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

*　　*　　*　　*　　*　　*　　*

(c) BASIS OF RATE.—For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall (except . as provided in section 562 of this Act) be taken to be the value of the merchandise.

In the papers in the record we find what purports to be a "Summary of Entered Value, Examination, and Appraisement", the upper portion of which contains data signed by the "Acting Deputy Collector", and the lower portion of which is the report of the appraiser.

This report contains the printed notation that "(A check mark (✓) indicates that appraisement, classification, or quantities are as entered or that packing charges are believed to be correct)." Immediately below this notation are eight columns, headed, respectively, "Marks", "Numbers", "Examiner and date of examination", "Appraised," "Advisorily classified", "Quantities", "Dutiable packing charges", and "Remarks." A check mark in red ink is found in the column headed "Appraised." In the column headed "Advisorily classified" is found in red ink the words "as noted." No check mark is found in the column headed "Dutiable packing charges."

There appears on the first sheet of the invoice, in red ink, the words and figures "Sheet steel over 8¢ lb. 2½¢ u. Pr. 304", on the second sheet, in red ink, the words and figures "Sheet steel 2½¢ u. Par. 304", and the following penciled figures near the bottom of the page: "57.210/4727.21", and on the third sheet a check mark, in red ink,

$$\frac{57.210/4727.21}{08}$$

appears opposite the item "85 cases at 12/-each 51 £. s. d. - -."

In the appraiser's answer to the protest, which appears in the record, he stated:

The merchandise under protest consists of open-hearth steel, sheets and assessed with duty under par. 304 at 2½ cents per pound as being valued, including packing, at over 8 cents per pound.

Among other things, the report of the collector states:

This merchandise, including cost of case and packing, is valued over 8 cents per pound.

Appellant relies upon our decision in the case of *L. Heller & Son, Inc.* v. *United States,* 20 C.C.P.A. (Customs) 257, T.D. 46058.

We there held that, in view of the facts of record, the cost of the containers there involved was not included by the appraiser in the final appraised value of the merchandise; and that, in determining the rate of duty to be assessed against the merchandise, the collector had no authority to add, as he did, the cost of the container to the final appraised value.

In the case at bar there is nothing to indicate that, in his determination of the rate of duty to be assessed against the merchandise, the collector added the cost of the 85 packing cases to the final appraised value. On the contrary, the report of the appraiser, and other facts of record, hereinbefore set forth, establish that the cost of the packing cases was included in the final appraised value returned by the appraiser. Accordingly, the decision in the case of *Heller* v. *United States, supra,* is not controlling of the issues here.

Section 503 (c) provides that, for the purpose of determining the rate of duty to be assessed upon any merchandise, the final appraised value shall, except as provided in section 562, be taken to be the value of the merchandise.

As observed in the *Heller* case, section 503 (c) is new in the Tariff Act of 1930, and it appears from Committee Report No. 7 of the 71st Congress, page 176, which accompanied H.R. 2667 (which bill in an amended form became the Tariff Act of 1930), that the purpose in adding the provision in section 503 (c) was to make the rate to be applied to merchandise dependent upon the final appraised value, even though it were less than the entered value.

In view of the provisions of section 402 of the Tariff Act of 1930, and those of section 503 (c), *supra*, we are of opinion that the cost of the containers was properly included by the appraiser in the "final appraised value" of the merchandise here in question, and that it was clearly the duty of the collector, appellant not having appealed to reappraisement, to determine the rate of duty applicable to the merchandise, as he did, upon the basis of the "final appraised value" returned by the appraiser.

We find no error in the decision of the trial court, and its judgment is *affirmed*.

BLAND, Judge, dissents.